IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NASSER LIMOUSINE, LLC
137 West Market Street
Scranton, Pennsylvania 18509

            Plaintiff

vs.

FEEL GOOD LIMO, INC.,
518 Burke Bypass
Olyphant, Pennsylvania 18447,

and

FRANK ROSS, INDIVIDUALLY, and
KAREN ROSS, INDIVIDUALLY and
as Husband and Wife

            Defendants

CIVIL ACTION

JURY TRIAL DEMANDED

NUMBER: 3:CV 10 2386

NOV 18 2010

## COMPLAINT

AND NOW comes the Plaintiff, Nasser Limousine, LLC, by and through its undersigned counsel, Howard A. Rothenberg, Esquire, and hereby complains of the Defendants, Feel Good Limo, Inc., and Frank Ross, individually, as follows:

### THE PARTIES

1. The Plaintiff is Nasser Limousine, LLC which is a Limited Liability Corporation and which has a principal place of business located at 137 West Market Street, Scranton, Pennsylvania 18509.

2. The Defendant is Feel Good Limo, Inc., which is believed to be a corporation duly organized, established and existing under the laws of the Commonwealth of Pennsylvania which maintains a place of business at 518 Burke Bypass, Olyphant, Pennsylvania 18447.

3. The Defendant is Frank Ross, individually, who is believed to be an adult individual and who can be served at c/o Feel Good Limousine, 518 Burke Bypass, Olyphant, PA 18477.

4. The Defendant is Karen Ross, individually, who is believed to be an adult individual and who is believed to reside at 619 Mary Jo Drive, Jessup, PA 18434.

5. At all material times hereto and for purposes of the allegations of this Complaint, it is believed and therefore averred that Frank Ross, individually, and Karen Ross, individually, acted both in their capacity as employees, President and Owner of Feel Good Limo, Inc., as well as in their individual capacity as naturalized persons and at all times material hereto were acting as husband and wife.

## JURISDICTION AND VENUE

6. Jurisdiction is proper pursuant to 28 U.S.C. §1331 and §1367.

7. Venue is proper pursuant to 28 U.S.C. §1391(a)(2) because the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS

8. At all material times hereto, the Plaintiff, Nasser Limousine, LLC and the Corporate Defendant, Feel Good Limo, Inc., were in the limousine rental business and directly competed with each other in Northeastern Pennsylvania and the surrounding areas. Each company relies heavily upon "word of mouth referrals." Because those "word of mouth referrals" are from person to person they inevitably cross state lines and undeniably reach prospective customers both within and outside the Commonwealth of Pennsylvania.

9. As a regular part of their deceptive and underhanded business practices, the Defendants, either individually and/or jointly, consistently and at all material times hereto would "bad mouth" the Plaintiff and the quality of its business.

10. The false and malicious statements as made by the Defendants, acting either individually and/or jointly, included but are not limited to the following:

a) Telling a prospective customer of Nasser Limousine that the customer had better be careful with the Nasser Limousine vehicles as the Nasser Limousine vehicles might not make it to the customer's wedding.

b) Telling a prospective customer of Nasser Limousine that Nasser Limousine was going to be bankrupt soon and that by the time her wedding date came around Nasser Limousine would no longer be in business.

c) Making statements to Nasser Limousine customers which would cause the customer concern that Nasser Limousine would not be able to deliver on the contracted for services when same is simply not true.

d) Telling employees of Nasser Limousine that Nasser Limousine was going to be out of business as a result of the lawsuit filed by Defendants in the United States District Court for the Middle District of Pennsylvania.

e) Physically grabbing and intimidating employees of Nasser Limousine.

f) Attempting to convince persons, both Nasser Limousine employees and others not Nasser Limousine employees, to "put Nasser Limo out of business."

g) Attempting to extort a Tracy Lynn Bannon to execute a statement which the Defendants knew was false but which the Defendants wanted to utilize in the Federal lawsuit filed against the Plaintiff in the United States District Court for the Middle District of Pennsylvania.

h) Referring to the Plaintiff's business owner, John Nasser, as an "asshole."

i) Making a statement to a Tracy Lynn Bannon referring to Plaintiff that he wanted to put "that asshole out of business."

j) Referring to the Plaintiff as a "creep show" to a prospective customer of Nasser Limousine.

k) Making comments to a prospective customer of Nasser Limousine which indicated and/or implied that the Nasser vehicles were not quality and were not reliable.

l) Falsely telling prospective customers of Nasser Limousine that Nasser Limousine wrote and/or caused to be posted on the internet negative comments about Feel Good Limo, Inc.

m) Telling a prospective customer of Nasser Limousine that he had heard "horror stories" about Nasser Limousine.

n) Telling a prospective customer of Nasser Limousine that the Nasser Limousines are not clean and are in bad shape.

o) Informing a prospective customer of Nasser Limousine that Nasser Limousines are dirty.

p) Telling a prospective customer of Nasser Limousine that Nasser Limousine was not a real company.

q) Telling a prospective customer of Nasser Limousine that Nasser Limousine is considered pretty much a joke in the industry.

r) Telling a prospective customer of Nasser Limousine that Nasser Limousine's vehicles are not what Nasser Limousine claims them to be.

s) Telling a prospective customer of Nasser Limousine that the air conditioning units in the Nasser Limousine vehicles do not work well.

t) Other false and misleading statements which the Defendants communicated to prospective customers of Nasser Limousine which simply were not true.

11. The foregoing are but a few of the scores of examples of how the Defendants, or those acting at their direction, made statements to defame and/or disparage the Plaintiff and Plaintiff's business.

12. At the time that the foregoing statements were made, the Defendants, acting individually and/or jointly, or those acting at their direction, acted on their own behalf and on behalf and for the benefit of the Defendant Corporation.

13. The foregoing statements were known by the Defendants to be false and were deliberately misleading to the consumer public.

14. At the time the foregoing statements were made, the Defendants, either individually and/or jointly, knew or had reason to know that the statements were false and misleading and that same would be material to the purchasing decisions of potential customers in search of limousine services.

15. Plaintiff believes and therefore avers that actual or potential customers have relied upon Defendant's fictitious, misleading and slanderous statements and have, in fact, been induced and mislead by same into purchasing limousine services from providers other than Nasser Limousine.

16. The Defendants deliberate, malicious, false and disparaging comments were intended to cause injuries to the Plaintiff and have, in fact, accomplished that illicit objective. At the same time, the Defendants statements of Plaintiff communicated to members of the consumer public were intended to confuse and mislead potential customers and have, in fact, accomplished that illicit objective as well.

17. As a direct and proximate result of the Defendants foregoing false, deceptive and misleading statements the business of Nasser Limousine, LLC has been and continues to be adversely and negatively impacted.

18. Defendant's, individually and/or jointly, aforementioned conduct was willful, wanton, malicious and taken with a reckless and/or callous disregard for the rights, interests and property of the Plaintiff.

## COUNT I.  VOILATION OF 15 U.S.C. §1125(a) ET SEQ.

19. The Plaintiff reavers and realleges ¶ 1 through 18 as though more fully set at length herein.

20. The Lanham Act provides, in part, as follow:

    (a)   Civil Action
          (1) any person who…uses in commerce any word, term, name, symbol or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which –
          
          (A) Is likely to cause confusion or to cause mistake, or to deceive as to the affiliation, connection or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
          
          (B) In commercial advertising or promotion misrepresents that nature, characteristics, or geographic origin of his or her or another persons goods, services, or commercial activities,

    Shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.  15 U.S.C. §1125(a)(1)

21. For any such violation, the Lanham Act authorizes the Court to award to the Plaintiff up to treble damages or the profits derived from violation of the act, whichever is greater, together with the costs of the action, including reasonable attorney's fees. 15 U.S.C. §1117

22. The aforementioned acts of the Defendants, individually and/or jointly, are likely to confuse and/or deceive and it is believed and therefore averred that they have confused and/or

deceived the public as to the services and commercial activities of the Plaintiff, all in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a) et seq.

23. The aforementioned acts of the Defendants constitute false or misleading representations of fact concerning the services and commercial activities of Nasser Limousine, LLC in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a) et seq.

24. Nasser Limousine, LLC has been and will, in the future, be damaged by these misrepresented facts about the services provided by them.

25. Defendants, acting either individually and/or jointly, have created an actual and/or a reasonable likelihood of confusion in perspective customer's minds as to the nature, characteristics and qualities of Plaintiff's services, by virtue of their false statements, which baselessly claim that Plaintiff utilizes sub-par limousines, inept drivers, is unreliable and is otherwise unprofessional.

26. The misrepresentations of the Defendants, acting individually and/or jointly, have resulted and will continue to result in an actual or probable injury to Plaintiff in terms of loss of sales, loss of prospective customers, loss of good will and damage to Plaintiff's reputation within the industry and among it's customer base.

27. By the aforementioned conduct, Defendants, acting individually and/or jointly, will in the future cause Plaintiff to suffer additional damages.

28. Under the Lanham Act this Court has power to grant judgment against Defendants, either individually and/or jointly, for damages.

WHEREFORE, the Plaintiff, Nasser Limousine, LLC respectfully demands Judgment be entered against the Defendants, Feel Good Limo, Inc., Frank Ross and Karen Ross, either individually and/or jointly, in an amount in excess of the mandatory jurisdictional limits of this

Honorable Court, punitive damages, along with awarding Plaintiff compensatory damages trebled under 15 U.S.C. §1117, attorney's fees and costs of suit under 15 U.S.C. §1117, and such other and further relief to which Plaintiff may be justly entitled in the opinion of this Honorable Court.

## COUNT II. UNFAIR COMPETITION

29. The Plaintiff reavers and realleges ¶ 1 through 28 as though more fully set at length herein.

30. By virtue of their conduct, as set forth above, the Defendants individually and/or jointly have intentionally engaged in unfair methods of competition with Plaintiff by publishing false and misleading statements of fact concerning Plaintiff and Plaintiff's services.

31. The statements published and concocted by the Defendants, acting individually and/or jointly, were literally false and materially misleading.

32. The aforesaid misrepresentations actually deceived and are likely to continue to deceive a substantial segment of the intended audience, i.e. consumers in search of limousine services in the greater Scranton, Pennsylvania area.

33. The foregoing deceptions have been material in that they are likely to influence decisions of the target audience – prospective limousine customers – and, it is believed and therefore averred, have already begun to influence such decisions in that prospective customers have been dissuaded from renting limousines from Plaintiff in favor of other entities.

34. The misrepresentations have resulted and will continue to result in actual or probable injury to Plaintiff in terms of sales, loss of prospective business, loss of good will and other damage to Plaintiff's reputation within the industry and among its customers.

35. By engaging in this scheme to utilize unfair trade practices, Defendants, acting individually and/or jointly, have caused, and will in the future cause, Plaintiff to sustain immediate harm

including, but not limited to, the loss of sales, the loss of prospective business, the loss of good will and injury to its business reputation.

36. Upon information and belief, the aforesaid unlawful acts were undertaken by the Defendants, acting either individually and/or jointly, intentionally, willfully, maliciously and in bad faith, and for the sole purpose of injury Plaintiff and its business and to give Defendants, either individually and/or jointly, an unfair marketing advantage over Plaintiff.

WHEREFORE, the Plaintiff, Nasser Limousine, LLC respectfully demands Judgment be entered against the Defendants, Feel Good Limo, Inc., Frank Ross and Karen Ross, either individually and/or jointly, in an amount in excess of the mandatory jurisdictional limits of this Honorable Court, punitive damages, along with awarding Plaintiff compensatory damages, attorney's fees and costs of suit, and such other and further relief to which Plaintiff may be justly entitled in the opinion of this Honorable Court.

## COUNT III.
## INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS

37. The Plaintiff reavers and realleges ¶ 1 through 36 as though more fully set at length herein.

38. At all times relevant hereto, Defendants, acting individually and/or jointly, knew that Plaintiff, relied heavily upon "word of mouth referrals" in their business.

39. Despite the foregoing, Defendants acting either individually and/or jointly, intentionally caused to be published defamatory statements related to Plaintiff as well as false and misleading statements related to Plaintiffs business.

40. The false, defamatory and/or misleading statements were ---by their very nature as reviews of limousine businesses---directed toward potential consumers poised to rent limousines or who had rented limousines.  Plaintiff had a legitimate and reasonable expectation of

deriving business from customers which were deceptively persuaded to take their business elsewhere because of Defendants atrocious conduct.

41. Defendants, acting either individually and/or jointly, intended to harm Plaintiff by unfairly competing using improper marketing techniques and maliciously interfering with Plaintiff's prospective contractual relationships by intending to prevent those relationships from occurring.

42. As a result of the aforementioned conduct, Defendants either individually and/or jointly purposely acted to prevent Plaintiff from maintaining and/or acquiring prospective business.

43. Defendants, acting either individually and/or jointly, have no privilege or justification to interfere with Plaintiff's pursuit of prospective business.

44. As a result of the aforementioned conduct, Plaintiff has been and will continue to be financially damaged and Defendant's, individually and/or jointly, are liable because of their tortuous interference with Plaintiff's perspective contractual relations.

WHEREFORE, the Plaintiff, Nasser Limousine, LLC respectfully demands Judgment be entered against the Defendants, Feel Good Limo, Inc., Frank Ross and Karen Ross, either individually and/or jointly, in an amount in excess of the mandatory jurisdictional limits of this Honorable Court punitive damages, along with awarding Plaintiff compensatory damages, attorney's fees and costs of suit, and such other and further relief to which Plaintiff may be justly entitled in the opinion of this Honorable Court.

## COUNT IV.  DEFAMATION

45. The Plaintiff reavers and realleges ¶ 1 through 44 as though more fully set at length herein.
46. Defendants, individually and/or jointly, false statements relating to Plaintiff and Plaintiff's business activities and conduct, including, but not limited to, the implication that Plaintiff is

unprofessional, that it provides unprofessional limousine services, that its drivers are unprofessional, and that Plaintiff is unreliable and that Plaintiff's vehicles are uncomfortable or otherwise unkept, are, at the very least, defamatory.

47. Defendants, jointly and/or individually, published these false and defamatory statements to prospective customers. Because of the growth of "word of mouth referrals" in the limousine industry, the impact of the defamatory communications is deafening and the potential recipient's of said communications is endless.

48. It is abundantly clear that the false and defamatory statements apply to Plaintiff. In fact, the defamatory statements related to Plaintiff were published to prospective customers with Plaintiff's name being specifically mentioned in relation to the defamatory statements.

49. The recipients of the Defendants defamatory communications would understand and did understand and have understood the meaning of the defamatory statements and that said statements apply to the Plaintiff.

50. The false and defamatory reviews falsely ascribed to Plaintiff a lack of skill, reliability, competence, incompetence in the limousine industry and are sufficient to constitute defamation per se.

51. In the meantime, as a direct and proximate result of the Defendant's foregoing actions either individually and/or jointly, Plaintiff has suffered and will continue to suffer damages including, but not limited to, loss of sales, loss of prospective business, loss of good will and injury to its business reputation.

WHEREFORE, the Plaintiff, Nasser Limousine, LLC respectfully demands Judgment be entered against the Defendants, Feel Good Limo, Inc., Frank Ross and Karen Ross, either individually and/or jointly, in an amount in excess of the mandatory jurisdictional limits of this

Honorable Court punitive damages, along with awarding Plaintiff compensatory damages, attorney's fees and costs of suit, and such other and further relief to which Plaintiff may be justly entitled in the opinion of this Honorable Court.

## COUNT V.  COMMERCIAL DISPARAGEMENT / TRADE LIABLE

52. The Plaintiff reavers and realleges ¶ 1 through 51 as though more fully set at length herein.

53. As set forth more fully herein, Defendants, either individually and/or jointly, have published and/or caused to be published false statements about Plaintiff.

54. Defendants, acting either individually and/or jointly, knew or reasonably should have known that said statements were false or otherwise acted with reckless disregard of the statements veracity.

55. Defendants knew or reasonably should have known that the false and defamatory statements would cause pecuniary loss to the Plaintiff.

56. The false and defamatory statements have adversely affected the marketability of Plaintiff's services and have caused, and will continue to cause, pecuniary loss to the Plaintiff.

WHEREFORE, the Plaintiff, Nasser Limousine, LLC respectfully demands Judgment be entered against the Defendants, Feel Good Limo, Inc., Frank Ross and Karen Ross, either individually and/or jointly, in an amount in excess of the mandatory jurisdictional limits of this Honorable Court punitive damages, along with awarding Plaintiff compensatory damages, attorney's fees and costs of suit, and such other and further relief to which Plaintiff may be justly entitled in the opinion of this Honorable Court.

Respectfully submitted,

By: _____
Howard A. Rothenberg, Esquire
Attorney for the Plaintiff, Nasser Limousine, LLC
345 Wyoming Avenue, Suite 210
Scranton, Pennsylvania 18503
(570)961-1850